# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SHARON WARREN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:14-CV-145 CAS |
| LEE GROUP MANAGEMENT LLC, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the application of Sharon Warren for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court will grant plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). For the reasons stated below, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-

51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950-52.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### The Complaint and Supplement

Plaintiff seeks monetary relief for the violation of her constitutional rights in this action brought against defendants Lee Group Management LLC ("Lee Group"), Saint Louis Housing Authority ("SLHA"), and Public Storage. Plaintiff asserts that she received housing assistance payment vouchers under "the Section 8 Rent Subsidy Program" and rented a unit at 8114 Frost Avenue, in St. Louis, Missouri, from Lee Group beginning in 2010. Plaintiff states that Lee Group "took [her] to court" in January 2013, "saying [she] owed rent." Lee Group obtained a judgment against her, but plaintiff states that she did not receive a fair hearing. In addition, plaintiff complains that SLHA told her she would not receive future rent vouchers, because she "owed for damages .

2

. . to unit 8114." Plaintiff's housing assistance payments were terminated on February 2, 2013. Plaintiff claims that SLHA and Lee Group conspired against her by changing "amounts on [her] security deposit and numbers on a judgment" and are "frauding [sic] her out of money." She further claims that Lee Group had breached an implied warranty of habitability and refused to refund her security deposit and that Public Storage "sold [her] belongings without proper cause." In addition, plaintiff generally asserts supplemental state law claims for "personal injury and loss of use," as well as negligence.[1]

**Discussion**

On page 1 of the complaint, plaintiff states that her ground for filing this case in Federal Court is as follows: "My constitutional right were [sic] violated life liberty and the pursuit of happiness." The Court will liberally construe the complaint and supplement as having been brought pursuant to 42 U.S.C. § 1983.[2]

To state a claim under § 1983, a plaintiff must show that she was deprived of a right secured by the Constitution of the United States and that the deprivation was committed by a person acting

---

[1]Plaintiff alleges that her furnace and hot water tank were defective and that an inspection was supposed to have been performed "through HUD." Plaintiff summarily states that HUD, which is not a named defendant in this action, was negligent in failing to properly inspect her rental unit.

[2]Although the Court must liberally construe plaintiff's factual allegations, it will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. As such, the Court will not construe this action as having been brought under 28 U.S.C. § 1332, given that plaintiff has failed to assert, and it does not appear, that diversity of citizenship exists in this case. *See* 28 U.S.C. § 1332. Moreover, plaintiff does not claim that this action arises under the Constitution, laws, or treaties of the United States, and thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 would be inapplicable. In addition, the Court will not liberally construe the complaint as having been brought against the Department of Housing and Urban Development for negligence, because plaintiff does not claim, nor is there any indication, that she has exhausted her administrative remedies under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2675; *see also Modica v. Reyna*, 2009 WL 2827975 (E.D. Tex. 2009) (the FTCA requires that tort claims be brought against the United States and not its federal agencies and employees).

under color of state law. *Lind v. Midland Funding, L.L.C.*, 688 F.3d 402, 405 (8th Cir. 2012). In the instant action, plaintiff does not allege, nor does it appear, that defendants Lee Group and Public Storage are state actors within the meaning of § 1983. *See Andrews v. City of W. Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006) (to state claim under § 1983, plaintiff must allege violation of constitutional right committed by person acting under color of state law). Furthermore, plaintiff's allegations against Lee Group and Public Storage simply do not rise to the level of constitutional violations and fail to state a claim or cause of action under § 1983. *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009) (legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth).

Moreover, under Missouri law, SLHA is a political subdivision of the State of Missouri. *Green v. St. Louis Housing Authority*, 911 F.2d 65, 68 (8th Cir. 1990) (SLHA is not an agency or department of the City of St. Louis) (citing *State ex rel. City of St. Louis v. Ryan*, 776 S.W.2d 13, 16 (Mo. 1989) (en banc) (SLHA is a municipal corporation independent from St. Louis, deriving its status as a public entity from an act of the General Assembly, and thus is a political subdivision of the State of Missouri; it exists to further the state interest in housing its urban citizens, and does not act as the arm of local government)). In Missouri, "Public Housing Authorities . . . are Statutory Municipal Corporations under [V.A.M.S.] § 99.040, and insofar as a Housing Authority establishes, maintains and operates a Housing Project, it exercises only governmental functions which are subject to governmental immunity." *Tyler By and Through Tyler v. Housing Authority of Kansas City*, 781 S.W.2d 110, 112 (Mo. Ct. App. 1989) (citing *State ex rel. St. Louis Housing Authority v. Gaertner*, 695 S.W.2d 460, 462 (Mo. 1985) (en banc) (claims against Housing Authority barred by sovereign immunity)); *see also Will v. Michigan Dept. of State Police,* 491 U.S. 58, 63 (1989) (state is not a "person" under § 1983); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999)

4

(en banc) (§ 1983 suit cannot be brought against state agency). As such, this action will be dismissed as to defendant SLHA pursuant to 28 U.S.C. § 1915(e)(2)(B).

Furthermore, to the extent that plaintiff is now contesting a previously-entered Missouri state-court judgment, her remedies lie not in federal district court, but rather with the Missouri state courts or the United States Supreme Court. Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." *Id*. For these reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff's federal claims will be dismissed, all remaining supplemental state claims for personal injury, loss of use, and negligence will also be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.*, 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint and supplement are legally frivolous and fail to state a claim or cause of action under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot. [Doc. 4]

A separate Order of Dismissal will accompany this Memorandum and Order.

　　　　　　　　　　　　　　　　　　／s／ Charles A. Shaw
　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  4th  day of March, 2014.